IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SATYANAM HOSPITALITY LLC D/B/A SUPER 8 CORPUS CHRISTI, | § § § § § § § § § § § § § § | |
| Plaintiff, | | |
| vs. | | |
| | | CIVIL ACTION NO. 2:19-cv-00375 |
| PELEUS INSURANCE COMPANY, STRATA CLAIMS MANAGEMENT, LLC, GEORGE MARES, ENGLE MARTIN & ASSOCIATES, LLC, AND ANDREW SKELLIE, | | |
| Defendants. | | |

**DEFENDANT PELEUS INSURANCE COMPANY'S**
**NOTICE OF REMOVAL**

Defendant Peleus Insurance Company files this Notice of Removal under 28 U.S.C. Section 1446(a) and respectfully states.

**I.**
**INTRODUCTION**

1. Plaintiff Satyanam Hospitality, LLC ("Plaintiff") commenced this action on October 29, 2019 by filing Plaintiff's Original Petition ("Original Petition") in the 319th Judicial District Court of Nueces County, Texas – Cause No. 2019-DCV-5387-G.

2. This lawsuit arises out of Plaintiff's claims for coverage under a commercial property insurance policy issued by Peleus for physical loss or damage allegedly sustained by Plaintiff's commercial property as the result of Hurricane Harvey.

3. Plaintiff's Original Petition, which includes a jury demand, names not only Peleus as defendant, but also asserts purported causes of action against four non-insurer agents of Peleus – *i.e.*, Strata Claims Management, LLC ("Strata"), George Mares, Engle Martin & Associates,

LLC ("EMA"), and Andrew Skellie.

4. Strata acted Peleus' third-party administrator with respect to the property insurance claim made the basis of this lawsuit, and Mares was employed as a Claims Manager for Strata.

5. EMA acted as Peleus' independent adjusting firm with respect to the property insurance claim at issue, and Skellie was employed as General Adjuster for EMA.

6. Peleus was served with Plaintiff's Original Petition on November 7, 2019 through the Texas Commissioner of Insurance, and it files this Notice of Removal within the 30-day period required by 28 U.S.C. Section 1446(b)(2)(B).

7. Venue is proper in this district under 28 U.S.C. Section 1441(a) because the state court where the action is pending is located in this district.

8. Peleus need not obtain Strata's, EMA's, Mares, or Skellie's consent to removal because Strata, EMA, Mares, and Skellie were improperly joined as defendants in this action.[1] However, to the extent Strata's, EMA's, Mares, or Skellie's consent is required, Strata, EMA, Mares, and Skellie consent to the removal of this action. Accordingly, the requirement that all defendants consent to removal is satisfied.

## II.
## BASIS FOR REMOVAL

9. Removal is proper under 28 U.S.C. Section 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000 excluding interest, costs, and attorneys' fees. These two conditions are clearly satisfied in this matter.

---

[1] *See Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007).

A.  **Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and Peleus.**

10. Plaintiff Satyanam Hospitality, LLC is a Texas limited liability company with its principal place of business in the State of Texas. The citizenship of a limited liability company is determined by the citizenship of its members.[2] Plaintiff Satyanam Hospitality, LLC's only reported member/manager is Vinay Bhakta – an individual who is domiciled and resides in Texas. Plaintiff Satyanam Hospitality, LLC is thus a citizen of Texas for diversity jurisdiction purposes.

11. Defendant Peleus is an insurance company incorporated in the State of Virginia with its principal place of business in Virginia. Peleus is thus a citizen of Virginia for diversity jurisdiction purposes.

12. Defendant Strata is a limited liability company organized under the laws of the State of Texas. Strata's sole member/manager is ClearView Risk Insurance Programs, LLC – a limited liability company organized under the laws of the State of Texas. ClearView Risk Insurance Programs, LLC's sole member/manager is ClearView Risk Holdings, LLC – a limited liability company organized under the laws of the State of Delaware. The members/managers of ClearView Risk Holdings, LLC's are citizens of Illinois, New York, and Texas. Defendant Strata is thus a citizen of Illinois, New York, and Texas for diversity jurisdiction purposes; however, because Strata was improperly joined as a defendant in this action, its citizenship should be disregarded by this Court in determining jurisdiction under 28 U.S.C. Section 1332(a).

13. Defendant EMA is a limited liability company organized under the laws of the State of Georgia. EMA's sole member is Cor Partners, Inc. – a corporation organized under the laws of the State of Missouri with its principal place of business in Missouri. EMA is thus a citizen of

---

[2] *See Carden Arkoma Assocs.,* 494 U.S. 185, 195-96 (1990).

Missouri for diversity jurisdiction purposes. However, this Court may disregard EMA's citizenship in determining jurisdiction under 28 U.S.C. Section 1332(a) because EMA was improperly joined as a defendant in this action.

14. Defendant Mares is an individual residing and domiciled in the State of Texas and, therefore, is a citizen of Texas for diversity jurisdiction purposes. However, this Court may disregard Mares' citizenship in determining jurisdiction under 28 U.S.C. Section 1332(a) because Mares was improperly joined as a defendant in this action.

15. Defendant Skellie is an individual residing and domiciled in the State of Texas and, therefore, is a citizen of Texas for diversity jurisdiction purposes. However, this Court may disregard Skellie's citizenship in determining jurisdiction under 28 U.S.C. Section 1332(a) because Skellie was improperly joined as a defendant in this action.

16. Because Plaintiff is a citizen of Texas and Peleus – the only properly-joined defendant in this action – is a citizen of Virginia, complete diversity of citizenship exists now and on the date Plaintiff filed this lawsuit.

### (1) *Strata, EMA, Mares, and Skellie Are Improperly Joined as Defendants in this Action.*

17. Defendants Strata, EMA, Mares, and Skellie have been improperly joined as defendants in this action and their citizenship should be disregarded for purposes of diversity jurisdiction. A court must disregard the citizenship of a non-diverse party if the removing defendant shows improper joinder by either: (1) "actual fraud in the pleading of jurisdictional facts"; or (2) "inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[3] Under the second method, the removing defendant must demonstrate "there is no

---

[3]   *Smallwood v. Ill. Cent. R.R. Co.*, 385 F. 3d 568, 573 (5th Cir. 2004)

possibility of recovery by the plaintiff against [the] in-state defendant, which, stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against [the] in-state defendant."[4]

18.   Here, Plaintiff's Petition fails to establish a reasonable possibility of recovery against Strata, EMA, Mares, and Skellie because Plaintiff lacks a valid claim upon which relief may be granted as to Strata, EMA, Mares, and Skellie under Texas law. Plaintiff's lawsuit is governed by Chapter 542A of the Texas Insurance Code, which applies to actions on first-party insurance claims arising from alleged damage to covered property caused by "forces of nature," such as "a flood, a tornado, lightning, a hurricane, hail, wind, a snowstorm, or a rainstorm."[5]

19.   Under Chapter 542A, an insurer "may elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant."[6] Whether the insurer makes such an election "before a claimant files an action" or "thereafter," the result is the same: "the court shall dismiss" the action against the agent with prejudice.[7] In either event, the insurer "may not revoke, and a court may not nullify, [the] insurer's election."[8] The statute does not require the insurer's written notice of election to be made in any particular form, nor does it require the insurer to take any steps other than the election in order for the court to dismiss the action against the agent.[9]

---

[4]   *Id.*

[5]   Tex. Ins. Code Ann. § 542A.001(2).

[6]   Tex. Ins. Code Ann. § 542A.006(a).

[7]   *Compare* Tex. Ins. Code § 542A.006(b) with § 542A.006(c).

[8]   Tex. Ins. Code § 542A.006(f).

[9]   *See generally* Tex. Ins. Code § 542A.006.

20. Here, it is undisputed that Strata, EMA, Mares, and Skellie were Peleus' "agents" as defined by section 542A.001(1) of the Texas Insurance Code.[10] Indeed, Plaintiff's Original Petition plainly alleges that Strata, EMA, Mares, and Skellie acted as agents of Peleus with respect to the investigation, evaluation, and adjustment of the property insurance claim made the basis of this lawsuit.[11]

21. It is also undisputed that Peleus – via an email sent to Plaintiff's counsel on October 29, 2019 – elected to accept whatever liability its agents (Strata, EMA, Mares, and Skellie) might have to Plaintiff in connection with the insurance claim under section 542A.006 of the Texas Insurance Code.[12]

22. Because Peleus provided Plaintiff with written notice of its election of legal responsibility under section 542A.006 prior to filing this notice of Removal (and within the 61-day pre-suit notice period prescribed by section 542A.003 of the Texas Insurance Code), Texas statute mandates that all causes of action asserted against Strata, EMA, Mares, and Skellie be dismissed with prejudice. As a result, there is no possibility that Plaintiff might recover against Strata, EMA, Mares, and Skellie on any of the causes of action pleaded in Plaintiff's Original Petition, and this Court should disregard their citizenship for purposes of diversity jurisdiction.

---

[10] See TEX. INS. CODE ANN. § 542A.001(1) ("Agent" means an employee, agent, representative, or adjuster who performs any act on behalf of an insurer.").

[11] See Exhibit B [Plaintiff's Original Petition] at ¶21 (describing Strata's, EMA's, Mares', and Skellie's roles with respect to Plaintiff's property insurance claim); see also Exhibit B [Plaintiff's Original Petition] at ¶¶41, 45, and 52-53 (generally referring to Strata, EMA, Mares, and Skellie as Peleus' "agents").

[12] See Exhibit F [542A.006 Notice of Election]. Peleus provided Plaintiff with notice of its statutory election of liability on October 29, 2019 – i.e., the same date on which Plaintiff filed this lawsuit. At the time Peleus made its election, it had no knowledge that Plaintiff had commenced suit, which – as Plaintiff apparently concedes – was filed before the 61-day notice period required by Texas statute had expired. See Exhibit B [Plaintiff's Original Petition] at ¶37 (alleging – without further detail – that "the statute of limitation" would not permit Plaintiff to provide the pre-suit notice required by statute).

**B.     Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

23.     If it is facially apparent that Plaintiff's claims in this suit exceed $75,000, exclusive of interest, costs, and attorneys' fees, Peleus' burden to establish the amount in controversy exceeds this Court's jurisdictional threshold is satisfied.[13] .

24.     Here, Plaintiff's Original Petition states that Plaintiff seeks to recover damages in excess of $200,000 in this lawsuit.[14] It is thus facially apparent that Plaintiff's claims exceed this Court's jurisdictional threshold of $75,000.

25.     Because there is complete diversity between the parties and the amount in controversy exceeds $75,000 excluding interest, costs, and attorneys' fees, removal is proper under 28 U.S.C. Section 1332(a).

### III.
### COMPLIANCE WITH 28 U.S.C. §1446

26.     As required by 28 U.S.C. Section 1446(a) and Local Rule 81.1, a copy of each of the following are attached to (or filed with) this Notice of Removal:

    a. All executed process in this case, attached as Exhibit A;

    b. All pleadings asserting causes of action and all answers to such pleadings, attached as Exhibit B;

    c. State Court Docket Sheet, attached as Exhibit C;

    d. An index of matters being filed, attached as Exhibit D;

    e. List of all counsel of record, attached as Exhibit E; and

    f. Email from James W. Holbrook, III to Brennan M. Kucera dated October 29, 2019 [542A.006 Notice of Election], attached as Exhibit F.

---

[13]     *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

[14]     See Exhibit B [Plaintiff's Original Petition] at ¶61.

27. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice, and Peleus will promptly file a copy of this Notice with the clerk of the state court where the action is pending.

WHEREFORE, Defendant Peleus Insurance Company hereby provides notice that this action is duly removed from the 319th Judicial District Court of Nueces County, Texas, to the United States District Court for the Southern District of Texas, Corpus Christi Division, and respectfully requests that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

By: */s/ James W. Holbrook, III*
James W. Holbrook, III
State Bar No. 24032426
Southern Member ID No. 659759
jholbrook@zelle.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, TX  75202
Telephone:	214-742-3000
Facsimile:	214-760-8994

**ATTORNEY-IN-CHARGE FOR DEFENDANT**

OF COUNSEL:

Steven J. Badger
Texas Bar No. 01499050
Southern Member ID No. 3074560
sbadger@zelle.com
**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, TX  75202
Telephone:	214-742-3000
Facsimile:	214-760-8994

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

      This is to certify that on December 9, 2019, a true and correct copy of the foregoing document was delivered to all known counsel of record in accordance with the Federal Rules of Civil Procedure as follows:

> Brennan M. Kucera
> brennan@ck-firm.com
> Benjamin R. Crowell, III
> ben@ck-firm.com
> KUCERA CROWELL, PLLC
> 2028 East Ben White Boulevard
> Suite 240-2015
> Austin, TX  78741
> Telephone:     512-870-7099
> Facsimile:      512-388-9520
> ***Counsel for Plaintiff***

                                           */s/ James W. Holbrook, III*
                                           James W. Holbrook, III