# Exhibit B

Filed
10/29/2019 9:26 AM
Anne Lorentzen
District Clerk
Nueces County, Texas

CAUSE NO.____2019DCV-5387-G____

| | | |
|---|---|---|
| SATYANAM HOSPITALITY LLC DBA SUPER 8 CORPUS CHRISTI, | § § § | IN THE DISTRICT COURT |
| *Plaintiff,* | § § | |
| v. | § § | _____ JUDICIAL DISTRICT |
| PELEUS INSURANCE COMPANY, STRATA CLAIMS MANAGEMENT, LLC, GEORGE MARES, ENGLE MARTIN & ASSOCIATES, LLC & ANDREW SKELLIE | § § § § § | |
| *Defendants.* | § § | NUECES COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

NOW comes SATYANAM HOSPITALITY LLC dba SUPER 8 CORPUS CHRISTI ("Plaintiff" or "Super 8"), who files Plaintiff's Original Petition against PELEUS INSURANCE COMPANY ("Peleus"), STRATA CLAIMS MANAGEMENT, LLC ("Strata"), GEORGE MARES, ENGLE MARTIN & ASSOCIATES, LLC ("EMA"), and ANDREW SKELLIE, and in support thereof, would show as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

3.      Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II.
### PARTIES & SERVICE

4.      Plaintiff is the named insured under a policy issued by the Defendant, Peleus. Plaintiff is a duly formed limited liability company organized under the laws of the State of Texas with its Super 8 motel located in Nueces County, Texas.

5.      Peleus Insurance Company is a surplus lines insurance company that engages in the business of insurance in Texas, and can be served through the Texas Commissioner of Insurance at P.O. Box 149104, MC112-2A, Austin, Texas 78714-9104. Peleus' mailing address is P.O. Box 469012, San Antonio, Texas 78246-9012.

6.      Strata Claims Management, LLC, a Texas limited liability company, is engaged in the business of insurance and may be served by serving its registered agent, Corporation Service Company d/b/a CSC-LAWYERS INCO at 211 E. 7th St., Suite 620, Austin, Texas 78701.

7.      George Mares is a resident of Texas.  Mr. Mares is a licensed insurance adjuster by the State of Texas.  As it relates to this matter, Mr. Mares engaged in the business of insurance and acted as an insurance adjuster on Plaintiff's claims.  Mr. Mares likewise engaged in actionable conduct under Texas law.  Mr. Mares may be served at 8144 Walnut Hill Ln., Suite 1490, Dallas, Texas 75231 or wherever else he may be found.

8.      Engle Martin & Associates, LLC, a Georgia based limited liability company, is engaged in the business of insurance in Texas and may be served by serving its registered agent, CT Corporation System at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

9.      Andrew Skellie is a resident of Texas.  Mr. Skellie is not a licensed insurance adjuster by the State of Texas.  As it relates to this matter, though, Mr. Skellie engaged in the business of insurance in Texas and acted as an insurance adjuster on Plaintiff's claims.  Mr. Skellie likewise engaged in actionable conduct under Texas law.  Mr. Skellie may be served at 1474 W Price Rd. Suite 7 – 402, Brownsville, Texas 78526 or wherever else he may be found.

### III.
### JURISDICTION & VENUE

10.     This is a civil matter in which the amount in controversy is more than five hundred dollars ($500.00), exclusive of interest.   Jurisdiction is thus proper in a District Court of Nueces County, Texas, and it is also proper pursuant to Art. V, Sec. 8 of the Texas Constitution.

11.     Venue is appropriate in Nueces County, Texas because all or part of the conduct giving rise to the causes of action were committed in Nueces County, Texas and the property which is the subject of this suit is located in Nueces County, Texas.   Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

## IV.
### FACTS

12.     Plaintiff is Satyanam Hospitality LLC dba Super 8 Corpus Christi ("Super 8"), who has a policy with Peleus insuring the property located at 902 N. Navigation Blvd., Corpus Christi, TX 78408 ("Property").   That Property is a Super 8 motel/hotel.   The policy bears policy number P723-1426870316-01-S3-16288 ("Policy").   The Policy period covers losses that occur during January 14, 2017, and continues through January 14, 2018.

13.     According to the Policy, the building is insured on a replacement cost basis for $2,600,000.00, and is believed to be subject to a $59,400.00 named-storm deductible.   According to the "Insuring Agreement" found in the subject matter Policy, Peleus "will pay for direct physical loss or damage to Covered Property at an Insured Location … caused by or resulting from a Covered Cause of Loss."   A "Covered Cause of Loss" means "risks of direct physical loss or damage unless the loss or damage is excluded in Section D. (Exclusions); limited in Section E. (Limitations); excluded or limited in the Declarations Certificate; or excluded or limited by endorsements or other policy forms."   Neither wind nor wind-borne debris is excluded or limited by the Policy, and thus wind and wind-borne are both covered perils.

14.     On August 26, 2017, Plaintiff had fully paid its premiums, thus making the policy in full force and effect and making Plaintiff in complete compliance with the terms of the Policy. This date is important because on or about August 26, 2017, Hurricane Harvey struck the Texas causing severe damage for hundreds of miles along the coast and into the interior portions of the state. Super 8's location was about 20 miles from the eye of the storm when it made landfall:



15.     When Hurricane Harvey struck Corpus Christi, Super 8 received damage-causing wind speeds.  At first glance, the wind speeds Peleus' hired engineer found (discussed more below) are very low and not in line with other measurements made on the same date. According to the engineer that Peleus hired, the wind speeds at Corpus Christi International Airport only reached 62 mph.  Upon closer review of his report, however, it is noteworthy that Peleus' engineer admits that "[w]eather records for this station stopped at 6 p.m." on August 25, 2017. This is extremely important because the brunt of the damage occurred after the airport's weather station went down.

16.     In fact, the same source of information that Peleus' engineer cited to for weather data specifically disclaims:

"Many observing stations in South Texas with equipment measuring wind speeds were disabled before they could record the highest wind speeds. Thus, some of the observed wind speeds tallied over South Texas may be underestimated, especially over areas near the coast and close to the eye wall of Harvey.

...

Although the eye of Harvey made landfall around 30 miles northeast of the city of Corpus Christi, strong and damaging wind gusts were experienced away from the center of circulation at the Corpus Christi International Airport and in the city as well as other locations. The Corpus Christi International Airport had a 63 mph gust before it went offline.

17.     Thus, Peleus's engineer's brief mention of weather data from the Corpus Christi International Airport is misleading and unreliable. Instead, reference should be made to the Corpus Christi Naval Air Station weather data, where the wind speeds reached 108 miles per hour.

18.     That is exactly what Plaintiff's representative experienced and observed. Mr. Vinay Bhakta, a representative of Super 8, was on location when the storm came roaring in. As the hurricane approached, he turned away customers and sent his family away from the city. Mr. Bhakta stayed behind to protect the property and leave only once the city issued a mandatory evacuation. While he waited, Mr. Bhakta observed the winds grow excessively strong and loud. He also observed debris flying sideways through the air. The mandatory evacuation never came, but when the City Hall closed down, he knew it was time to leave. So, as he pulled a vehicle to the front of the hotel, he tried to close the doors behind him. The winds were so strong that it took him 20 minutes to close the doors fully.

19.     After the storm and upon return to the Property, Mr. Bhakta found debris littering the parking lot. He also found damage to the building to be evident from the ground. He could see the fence was down, the gutter was displaced, roofing material was loose, and fascia boards had been damaged. When housekeepers started their rounds, they also found the water damage

in two of the rooms. Here are just a few photos of the damage and debris Mr. Bhakta observed upon return to the Property.





20.     Mr. Bhakta then promptly turned in the claim to Peleus. Peleus acknowledged the

claim vis-à-vis its third party administrator, Strata Claims Management.   Mr. George Mares served as the claims manager for Strata, who in turn hired Engle Martin & Associates to act as the field adjuster on the claim.   Engle Martin assigned the claim to Mr. Andrew Skellie.

21.   Strata contends that Mr. Skellie inspected the loss on September 11, 2017, and (per Mr. Mares) Mr. Skellie "was able to identify minor wind damage to the gutters/downspouts, fascia and vinyl fencing to the exterior of the building." He was also able to observe "minor wind damage to the exhaust caps and ridge vents on the roofing system." This account is false and troubling for multiple reasons. First, the damage was not minor. As discussed below, the damage was closer to $275,000.00. Labeling the damage as "minor" is a misrepresentation as it relates to coverage. Secondly, none of the damage—other than the fencing—was timely addressed. In a letter dated October 30, 2017, Mr. Mares only addressed the fence damage and wholly failed to address damage to the roof, interior, and exterior.   Further research has since revealed that Mr. Skellie had written an estimate of the aforementioned damage on or about October 19, 2017, but for some reason, Mr. Mares failed to address the damages, or provide a reasonable explanation of the basis in the policy for the denial of the claim.

22.   Thereafter, Plaintiff tried to speak with Mr. Mares about including all of the storm-related damage, but Mr. Mares would not budge.   It was not until February 2018 that Plaintiff got some sort of claim decision.   In a letter dated February 20, 2018, Mr. Mares finally took the position that all of the damage was "minor" and only $15,610.88.   As a result, Mr. Mares denied payment on the claim as he contended the damages were under the $59,400.00 deductible.   Again, the letter failed to address or explain why coverage was not provided for

8

items like the roof or the EIFS.

23.     Dissatisfied with how this went, Plaintiff engaged Mr. Jason Poses of Poses & Associates, Inc. to help with presentation of the claim.  When Mr. Poses inspected the loss, he found damage that greatly exceeded the $59,400.00 deductible. Broadly speaking, Mr. Poses found that the roof had wind damage and impacts from wind-borne debris.  In his opinion, the roof needed to be replaced from the wind damage—to the tune of roughly $150,000.00 before overhead and profit was even added in—which was far more than the "minor wind damage" Peleus, Mares, Strata, and Skellie misrepresented it to be.   Mr. Poses also found that Mr. Skellie's all-in estimation of $15,610.68 was woefully short, as the interior damage alone was $19,633.22. Moreover, Mr. Skellie's estimate failed to account for obvious damage to the EIFS siding—something that is undoubtedly expensive—and underestimated the cost of the fence by about 66%.  While there is a limitation on fence coverings totaling $10,000.00, that Mr. Skellie only estimated the fence to be about 33% of the actual cost only serves to highlight how unreliable and deceptive Mr. Skellie's estimate really was. Here are just a few photos of what Mr. Poses was seeing:



9



24.     Again, these are just a few photos of the damage, and it does not even include the photos of the gouging that the panels experienced from windborne debris.

25.     Mr. Poses sent in his notice of representation and started communicating with Mr. Mares, Mr. Skellie, Strata, and Peleus.  After gathering bids for replacement of the roof, repair of the fence, replacement of the PTAC units, and estimating the additional damages, Mr. Poses sent in his estimate.  It is important to note these were actual bids from actual contractors for damage related to the hurricane.    For example, the bid from South Texas Metal Roofing was for replacement and totaled $152,500.00.   According to South Texas Metal Roofing, the roof sustained damage from Hurricane Harvey but could not be repaired.  Apparently, the way that

10

the roof interlocks and is installed keeps it from being able to be replaced in pieces.  These estimates were sent to Mr. Mares and Mr. Skellie on October 22, 2018 and December 6, 2018 respectively.

26.     After sending these estimates, however, there was radio silence on the part of Mr. Mares and Mr. Skellie. Mr. Poses' office would call and email and there would be no response. In the meantime, Super 8 was still damaged and was losing business due to the unsightly shape of hurricane damages.  As you can imagine, my client was anxious to fix the damages and move on with its business.

27.     On or about February 26, 2019, Mr. Skellie was finally reached.  This was over the phone, and in that phone call Mr. Skellie for the first time took the position that he did not see any damage to the roof, and instead only saw rust and age.   Having never heard this before, Mr. Poses' office requested that this be put in writing so the claim could be advanced.

28.     On March 1, 2019, Mr. Mares sent a revised, claim-determination letter. In that letter, Strata, Mr. Mares, and Peleus finally advised as to why they were not providing coverage for the wind-damaged roof.  More specifically, Mr. Mares described the roof as deteriorated and rusted.  This was, again, false.  While it is undeniable that there is rust on the roof, that is not what Plaintiff had been claiming.  Instead, Plaintiff had been asking the insurance company and its third party administrator to provide coverage for the wind damage.  Only focusing on the rusted portion of the roof (and ignoring wind damage) is a prevalent tactic among insurance adjusters, and one that Engle Martin adjusters and Strata regularly undertake.  It is also part of a larger movement among adjusters and claim handlers to find anything wrong with the roof, make

11

no mention of the covered peril, and then when the claim ends up in litigation have the attorney for the insurance company claim "concurrent causation" as a bar to recovery. As is evident at the time of this filing, this is exactly where this suit is headed.

29.     On or about April 1, 2019, Mr. Poses responded to Mr. Mares' denial by stating, "[t]here are several areas of damage to the roof from wind and flying debris impact." Mr. Skellie and Mr. Poses agreed to meet on site. Mr. Poses showed Mr. Skellie the damages, and Mr. Skellie advised that the carrier was already going to want an engineer to take a look at the damages. This is insurance speak for "hire an engineer so he or she can belittle or deny the claim.

30.     Peleus, Strata, and Mr. Mares hired Wyatt Hardenberg from ProNet Group, Inc. ProNet is a go-to for insurance companies. Insurance companies and only insurance companies regularly hire them. Their opinions can be relied on to find rust, deterioration, and the like while ignoring wind and other covered perils. This time was no different.

31.     Mr. Hardenberg did as expected. He opined that the roof was not damaged by "excessive wind forces associated to the passing of Hurricane Harvey." He also opined that the scrapes were "mechanical in nature" and "cosmetic." He went on to state that the openings allowing water to penetrate were not from wind forces, that the south side gutter damage pre-dated the storm, and that the EIFS damage was mechanical in nature. His opinions, however, are extremely suspect.

32.     For example, Mr. Hardenberg only noted one of the lifted panels on the roof and failed to address the cause of the lifted panels. Here is a photo from his report:

12



33.     As you can see, he tries to address "one" lifted panel, but there is more than one

lifted panel.  The obvious reason for this silence is having to address all of the panels would

13

undermine his opinion that there was no evidence of lifted or displaced panels consistent with wind damage.

34.     Based on this report, Mr. Mares, Strata, and Peleus denied the claim and wrongfully withheld policy benefits. This is evidenced by the July 29, 2019 letter. In that letter, the aforementioned individual and entities took the position that the roof coverings and building envelope were not damaged by the storm, that the scrapes on the roof were mechanical and cosmetic in nature, the gutter damage pre-dates the storm, the water stains are the result of deteriorated flashing, and the impact fractures to the EIFS were the result of mechanical impacts. Plaintiff disagrees with all of the foregoing, and nothing has been provided by the insurance company as proof of the foregoing. Instead, Mr. Hardenberg's opinions were merely a pre-text for denying the claim.

35.     Due to the relationship (and/or their engagement in the business of insurance) between Super 8, Peleus, Strata, Mr. Mares, Engle Martin & Associates, and Mr. Skellie there are numerous obligations owed to Super under the Texas Insurance Code.[1] Chief among these duties, these persons were obligated:

> 3.  To not misrepresent to my client material facts relating to coverage at issue (§ 541.060(a)(1)) & (§ 542.003(b)(1) with the inclusion of knowingly);
>
> 4.  To attempt in good faith to effectuate a prompt, fair, and equitable settlement a claim in which the insurer's liability has become reasonably clear (§ 541.060(a)(2)) & (§ 542.003(b)(4));

---

[1] Plaintiff is a "person" under the Texas Insurance Code, which gives it standing to bring claims under the Texas Insurance Code.

14

5. To promptly provide my client a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim (§ 541.060(a)(3));

6. To affirm or deny coverage within a reasonable amount of time (§ 541.060(a)(4));

7. To not refuse to pay a claim without conducting a reasonable investigation with respect to the claim (§ 541.060(a)(7));

8. To not make an untrue statement of material fact (§ 541.061(1));

9. To properly state all material facts in order to make other statements not misleading, considering the circumstances under which the statements were made (§ 541.061(2));

10. To not make a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact (§ 541.061(3));

11. To adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies (§ 542.003(b)(3).

12. To not compel a policyholder to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder (§ 542.003(b)(5).

13. To notify a claimant in writing of the acceptance or rejection of a claim not later than the 15th business day after the date the insurer receives all items, statements, and forms required by the insurer to secure final proof of loss. If the insurer rejects the claim, the notice must state the reasons for the rejection. If the insurer is unable to accept or reject the claim within the period specified above, the insurer, within that same period, shall notify the claimant of the reasons that the insurer needs additional time. The insurer shall accept or reject the claim not later than the 45th day after the date the insurer notifies a claimant under this subsection (§ 542.056(a–d)).

14. To not delay payment of a claim after receiving all items, statements, and forms reasonably requested and required under Section 542.055 for a period of more than 60 days (§ 542.058(a)).

36.    As is evidence from the facts above, these duties were not followed and instead

15

were breached by Peleus, Strata, Mr. Mares, Engle Martin & Associates, and Mr. Skellie.  IN fact, the foregoing demonstrates that these were "knowing" and "intentional" violation of these duties.

37.     Plaintiff was forced to retain the undersigned to seek the wrongfully withheld policy benefits.  Plaintiff sent a code compliant letter with the Texas Insurance Code and the Texas Civil Practice and Remedies Code (even though the statute of limitations would not permit a full 60-day window).  That letter went unanswered.  This lawsuit is what has followed.

## V.
### CAUSES OF ACTION

40.     All conditions precedent to this action have occurred, been fulfilled, or have otherwise been waived or discharged.

#### A. Breach of Contract against PELEUS

41.     PELEUS's conduct constitutes a breach of the insurance contract between it and Plaintiff.  It is undisputed that a contract existed between Plaintiff and PELEUS in the form of the Policy.   It is also undisputed that Plaintiff paid its premiums, substantially complied with all terms of the Policy, and held up their end of the bargain.  PELEUS on the other hand did not hold up its end of the bargain.

42.     The Policy obligates PELEUS to pay for all covered losses. When a claim was properly presented, PELEUS failed to provide coverage thereby breaching the Policy agreement.

43.     Plaintiff has sustained damages as a result of PELEUS's breach of the Policy. Such losses were the natural, probable, and foreseeable consequence of the PELEUS's conduct.

16

Plaintiff seeks its damages together with pre-judgment interest and reasonable and necessary attorneys' fees.

**B.**    ***Noncompliance with the Texas Insurance Code***

44.    As described above, PELEUS's conduct and the conduct of its agents constitutes multiple violations of the Texas Insurance Code that have been legislatively determined to be Unfair Method of Competition, an Unfair Settlement Practice, and/or otherwise in violation of the Texas Insurance Code.   Section 541.151 and Section 542.060 of the Texas Insurance Code makes these violations actionable.

36.    Due to the relationship (and/or their engagement in the business of insurance) between Super 8, Peleus, Strata, Mr. Mares, Engle Martin & Associates, and Mr. Skellie there are numerous obligations owed to Super under the Texas Insurance Code.[2]   Chief among these duties, these persons were obligated:

15. To not misrepresent to my client material facts relating to coverage at issue (§ 541.060(a)(1)) & (§ 542.003(b)(1) with the inclusion of knowingly);

16. To attempt in good faith to effectuate a prompt, fair, and equitable settlement a claim in which the insurer's liability has become reasonably clear (§ 541.060(a)(2)) & (§ 542.003(b)(4));

17. To promptly provide my client a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim (§ 541.060(a)(3));

18. To affirm or deny coverage within a reasonable amount of time (§ 541.060(a)(4));

---

[2] Plaintiff is a "person" under the Texas Insurance Code, which gives it standing to bring claims under the Texas Insurance Code.

19. To not refuse to pay a claim without conducting a reasonable investigation with respect to the claim (§ 541.060(a)(7));

20. To not make an untrue statement of material fact (§ 541.061(1));

21. To properly state all material facts in order to make other statements not misleading, considering the circumstances under which the statements were made (§ 541.061(2));

22. To not make a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact (§ 541.061(3));

23. To adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies (§ 542.003(b)(3).

24. To not compel a policyholder to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder (§ 542.003(b)(5).

25. To notify a claimant in writing of the acceptance or rejection of a claim not later than the 15th business day after the date the insurer receives all items, statements, and forms required by the insurer to secure final proof of loss. If the insurer rejects the claim, the notice must state the reasons for the rejection. If the insurer is unable to accept or reject the claim within the period specified above, the insurer, within that same period, shall notify the claimant of the reasons that the insurer needs additional time. The insurer shall accept or reject the claim not later than the 45th day after the date the insurer notifies a claimant under this subsection (§ 542.056(a–d)).

26. To not delay payment of a claim after receiving all items, statements, and forms reasonably requested and required under Section 542.055 for a period of more than 60 days (§ 542.058(a)).

45. Neither PELEUS or its agents fulfilled these duties. Briefly speaking, and as supported above, a written claim was undoubtedly made under the policy, PELEUS was and continues to be liable for that claim, PELEUS should have provided coverage for the claim, PELEUS instead wrongfully withheld policy benefits and along the way violated the Texas

18

Insurance Code as this petition describes, and that has caused and resulted in actual damages to Plaintiff.

46. Plaintiff seeks to recover actual damages, and in addition to the amount of the claim, simple interest on the amount of the claim as damages each year at the rate determined on the date of judgment by adding five percent to the interest rate determined under Section 304.003, Finance Code, together with reasonable and necessary attorney's fees. Plaintiff also seeks pre-judgment interest.

## C.   *Breach Of The Duty Of Good Faith And Fair Dealing*

47.   PELEUS's conduct constitutes a breach of the common law duty of good faith and fair dealing it owes to the Plaintiff.

48.   In the insurance context, a special relationship arises because of the parties' unequal bargaining power and the nature of insurance contracts, which would allow unscrupulous insurers to take advantage of their insured's' misfortunes in bargaining for settlement or resolution of claims. An insurance company has exclusive control over the evaluation, processing, and denial of claims, and without this duty insurers could arbitrarily deny coverage and delay payment of a claim with no more penalty than interest on the amount owed.

49.   For these reasons, a duty exists. Plaintiff contends PELEUS breached its duty of good faith and fair dealing:

> a.   Because there was no reasonable basis for PELEUS to deny Plaintiff's claim;
>
> b.   Because there was no reasonable basis for PELEUS to delay Plaintiff's claim;
>
> c.   Because PELEUS failed to determine whether there was any reasonable basis to

19

deny and delay Plaintiff's claim;

d.  Because PELEUS failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim even though its liability was reasonably clear; and

e.  Because PELEUS refused to pay a claim without conducting a reasonable investigation of the claim.

50.     PELEUS failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

51.     PELEUS's breach of the duty of good faith and fair dealing has proximately caused damages for the Plaintiff.

## VI.
### KNOWLEDGE

52.     PELEUS and its agents as, together and singularly, did each of the acts described above, "knowingly" as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## VII.
### DAMAGES

53.     Plaintiff intends to show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiff. Plaintiff contends its damages were the natural, probable, and foreseeable consequence of PELEUS's breach of the policy.  Plaintiff contends that PELEUS's violations of the duty of good

20

faith and fair dealing were the proximate cause of its damages.  Lastly, Plaintiff also contends PELEUS's actions and its agents' actions in violation of the Texas Insurance Code were the producing cause of its damages.  These damages are a direct result of PELEUS's mishandling of Plaintiff's claim in violation of the laws set forth above.

54.    For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with reasonable and necessary attorney's fees.  In the alternative, Plaintiff is entitled to their pecuniary loss.

55.    For noncompliance with the Texas Insurance Code, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, or could be the benefits as actual damages under the Texas Insurance Code due to PELEUS's statutory violation that caused Plaintiff to lose its contractual rights to benefits.  In any event, the damages should at least be Plaintiff's pecuniary loss and all court costs, and reasonable and necessary attorney's fees. For knowing conduct of the acts described above, Plaintiff seeks three times the actual damages. Tex. Ins. Code §541.152.

56.    For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of its claim, as well as the applicable interest per annum on the amount of such claim as damages, together with reasonable and necessary attorney's fees. Tex. Ins. Code §542.060.

57.    For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to exemplary damages. PELEUS has actual awareness of its liability under the policy, but is choosing to ignore that liability, deny the claim, and delay the claim.  This warrants the

21

imposition of exemplary damages.

58.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Proper notice of the claim has been sent to the relevant parties. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the appropriate appellate bodies.

## VIII.

### REQUEST FOR DISCLOSURES

59.     Pursuant to Rue 194 of the Texas Rules of Civil Procedure, Plaintiff requests that Defendants provide the information required in a Request for Disclosure.

## IX.

### FIRST REQUEST FOR PRODUCTION TO PELEUS

60.     Pursuant to Rue 196 of the Texas Rules of Civil Procedure, Plaintiff requests that PELEUS respond to the following Request for Production:

    a.  Produce PELEUS's complete claim file (excluding all privileged portions) for Plaintiff's claim made against the Policy for Hurricane Harvey. This request seeks documents made on or before August 25, 2017 and up until you anticipated litigation. Please produce a privilege log for any portions withheld on a claim of privilege.

    b.  Produce all non-privileged emails and other forms of communication from or to PELEUS and all of its adjusters assigned to this claim, any of their agents, employees who worked on or were involved Plaintiff's claim made against the Policy for Hurricane Harvey damage. This request seeks documents made on or before August 25, 2017 and up until you anticipated litigation. Please produce a

22

privilege log for any portions withheld on a claim of privilege.

c. Produce a copy of the underwriting file for the Policy. This request seeks documents made on or before the inception of this Policy and up until you anticipated litigation. Please produce a privilege log for any portions withheld on a claim of privilege.

d. Produce all documents and communications provided to Wyatt Hardenberg of ProNet Group, Inc. before, during, and after his initial inspection.

## IX.

61.    As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000. A jury, however, will ultimately determine the amount of monetary relief actually awarded. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## XII.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer herein; that, on final hearing, Plaintiff have judgment against Defendants for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court; for costs of suit; for interest on the judgment as allowed by the applicable statute; for pre-judgment interest; and, for such other and further relief, in law or in equity, either general or special against Defendants, to which Plaintiff may be justly entitled.

Respectfully submitted,

CROWELL & KUCERA, PLLC
2028 E. Ben White Blvd. Ste. 240-2015
Austin, TX 78741
Telephone:     (512) 870-7099
Facsimile:     (512) 388-9520


BY: /s/ *Brennan M. Kucera*
       BRENNAN M. KUCERA
       State Bar No. 24076491
       brennan@ck-firm.com
       BENJAMIN R. CROWELL III
       State Bar No. 24087360
       ben@ck-firm.com

ATTORNEYS FOR PLAINTIFF


**PLAINTIFF REQUESTS A TRIAL BY JURY**

24

Filed
12/3/2019 5:48 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

CAUSE NO. 2019DCV-5387-G

| | | |
|---|---|---|
| SATYANAM HOSPITALITY LLC D/B/A SUPER 8 CORPUS CHRISTI, | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| vs. | § § | |
| PELEUS INSURANCE COMPANY, STRATA CLAIMS MANAGEMENT, LLC, GEORGE MARES, ENGLE MARTIN & ASSOCIATES, LLC, AND ANDREW SKELLIE, | § § § § § § § | NUECES COUNTY, TEXAS |
| Defendants. | § | 319TH JUDICIAL DISTRICT |

### DEFENDANT PELEUS INSURANCE COMPANY'S
### ANSWER TO PLAINTIFF'S ORIGINAL PETITION

Defendant Peleus Insurance Company ("PIC" or "Defendant"), files this Answer to Plaintiff's Original Petition and states:

### GENERAL DENIAL

1.       Pursuant to Rule 92 of the Texas Rules of Civil Procedure, PIC generally denies each and every allegation contained in Plaintiff's Original Petition and demands strict proof thereof. By this general denial, PIC demands that Plaintiff prove every fact in support of its claims for breach of contract, breach of the common law duty of good faith and fair dealing, and alleged violations of the Texas Insurance Code by a preponderance of the evidence. By this general denial, PIC further demands that Plaintiff prove every fact in support of its exemplary damages claim(s) by clear and convincing evidence.

### RESERVATION OF RIGHTS

2.       By appearing and answering herein, PIC does not waive, and expressly reserves, all rights and defenses that PIC may have (or that may arise) under policy number P723-

1426870316-01 and corresponding General Property – Declarations Certificate No. 16288, with effective dates of coverage from January 14, 2017 through January 14, 2018 (collectively, "Policy"), and/or applicable law. Nothing herein shall constitute or be deemed a waiver of, or an estoppel to assert, any of the rights and defenses that PIC may have (or that may arise) under the Policy and/or applicable law.

## <u>PRAYER</u>

Defendant Peleus Insurance Company prays that: (i) all relief requested by Plaintiff be denied; (ii) Plaintiff take nothing by its claims; and (iii) for such other and further relief, general or special, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

Zelle LLP

By:   /s/ James W. Holbrook, III
      Steven J. Badger
      Texas Bar No. 01499050
      sbadger@zelle.com
      James W. Holbrook, III
      Texas Bar No. 24032426
      jholbrook@zelle.com

901 Main Street, Suite 4000
Dallas, Texas 75202-3975
Telephone:  (214) 742-3000
Facsimile:  (214) 760-8994

**COUNSEL FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing document was served on all counsel of record on December 3, 2019 in accordance with the Texas Rules of Civil Procedure as follows:

Brennan M. Kucera
brennan@ck-firm.com
Benjamin R. Crowell, III
ben@ck-firm.com
KUCERA CROWELL, PLLC
2028 East Ben White Boulevard
Suite 240-2015
Austin, Texas 78741
Telephone: (512) 870-7099
Facsimile: (512) 388-9520

*/s/ James W. Holbrook, III*
James W. Holbrook, III

Filed
12/6/2019 1:24 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

CAUSE NO. 2019DCV-5387-G

| | | |
|---|---|---|
| SATYANAM HOSPITALITY LLC D/B/A SUPER 8 CORPUS CHRISTI, | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| vs. | § § | |
| PELEUS INSURANCE COMPANY, STRATA CLAIMS MANAGEMENT, LLC, GEORGE MARES, ENGLE MARTIN & ASSOCIATES, LLC, AND ANDREW SKELLIE, | § § § § § § | NUECES COUNTY, TEXAS |
| Defendants. | § | 319TH JUDICIAL DISTRICT |

### DEFENDANT STRATA CLAIMS MANAGEMENT, LLC'S
### ANSWER TO PLAINTIFF'S ORIGINAL PETITION

Defendant Strata Claims Management, LLC ("Strata" or "Defendant") files this Answer to Plaintiff's Original Petition and states:

### GENERAL DENIAL

1.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Strata generally denies each and every allegation contained in Plaintiff's Original Petition and demands strict proof thereof. By this general denial, Strata demands that Plaintiff prove every fact in support of its claims for breach of contract, breach of the common law duty of good faith and fair dealing, and alleged violations of the Texas Insurance Code by a preponderance of the evidence. By this general denial, Strata further demands that Plaintiff prove every fact in support of its exemplary damages claim(s) by clear and convincing evidence.

### RESERVATION OF RIGHTS

2.      By appearing and answering herein, Strata does not waive, and expressly reserves, all rights and defenses that Strata may have (or that may arise) under policy number P723-

1426870316-01 and corresponding General Property – Declarations Certificate No. 16288, with effective dates of coverage from January 14, 2017 through January 14, 2018 (collectively, "Policy"), and/or applicable law. Nothing herein shall constitute or be deemed a waiver of, or an estoppel to assert, any of the rights and defenses that Strata may have (or that may arise) under the Policy and/or applicable law.

### **PRAYER**

Defendant Strata Claims Management, LLC prays that: (i) all relief requested by Plaintiff be denied; (ii) Plaintiff take nothing by its claims; and (iii) for such other and further relief, general or special, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

**ZELLE LLP**

By: */s/ James W. Holbrook, III*
    Steven J. Badger
    Texas Bar No. 01499050
    sbadger@zelle.com
    James W. Holbrook, III
    Texas Bar No. 24032426
    jholbrook@zelle.com

901 Main Street, Suite 4000
Dallas, TX  75202-3975
Telephone:     214-742-3000
Facsimile:     214-760-8994

**COUNSEL FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing document was served on all counsel of record on December 6, 2019 in accordance with the Texas Rules of Civil Procedure as follows:

Brennan M. Kucera
brennan@ck-firm.com
Benjamin R. Crowell, III
ben@ck-firm.com
KUCERA CROWELL, PLLC
2028 East Ben White Boulevard
Suite 240-2015
Austin, TX  78741
Telephone:     512-870-7099
Facsimile:      512-388-9520
***Counsel for Plaintiff***

    */s/ James W. Holbrook, III*
James W. Holbrook, III

Filed
12/6/2019 1:27 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

CAUSE NO. 2019DCV-5387-G

| | | |
|---|---|---|
| SATYANAM HOSPITALITY LLC D/B/A SUPER 8 CORPUS CHRISTI, | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| vs. | § § | |
| PELEUS INSURANCE COMPANY, STRATA CLAIMS MANAGEMENT, LLC, GEORGE MARES, ENGLE MARTIN & ASSOCIATES, LLC, AND ANDREW SKELLIE, | § § § § § § § | NUECES COUNTY, TEXAS |
| Defendants. | § | 319TH JUDICIAL DISTRICT |

### DEFENDANT GEORGE MARES'
### ANSWER TO PLAINTIFF'S ORIGINAL PETITION

Defendant George Mares ("Mares" or "Defendant") files this Answer to Plaintiff's Original Petition and states:

### GENERAL DENIAL

1.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Mares generally denies each and every allegation contained in Plaintiff's Original Petition and demands strict proof thereof. By this general denial, Mares demands that Plaintiff prove every fact in support of its claims for breach of contract, breach of the common law duty of good faith and fair dealing, and alleged violations of the Texas Insurance Code by a preponderance of the evidence. By this general denial, Mares further demands that Plaintiff prove every fact in support of its exemplary damages claim(s) by clear and convincing evidence.

### RESERVATION OF RIGHTS

2.      By appearing and answering herein, Mares does not waive, and expressly reserves, all rights and defenses that Mares may have (or that may arise) under policy number P723-

1426870316-01 and corresponding General Property – Declarations Certificate No. 16288, with effective dates of coverage from January 14, 2017 through January 14, 2018 (collectively, "Policy"), and/or applicable law. Nothing herein shall constitute or be deemed a waiver of, or an estoppel to assert, any of the rights and defenses that Mares may have (or that may arise) under the Policy and/or applicable law.

## <u>PRAYER</u>

Defendant George Mares prays that: (i) all relief requested by Plaintiff be denied; (ii) Plaintiff take nothing by its claims; and (iii) for such other and further relief, general or special, at law or in equity, to which he may be justly entitled.

Respectfully submitted,

**ZELLE LLP**

By:  */s/ James W. Holbrook, III*
    Steven J. Badger
    Texas Bar No. 01499050
    sbadger@zelle.com
    James W. Holbrook, III
    Texas Bar No. 24032426
    jholbrook@zelle.com

901 Main Street, Suite 4000
Dallas, TX  75202-3975
Telephone:    214-742-3000
Facsimile:    214-760-8994

**COUNSEL FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing document was served on all counsel of record on December 6, 2019 in accordance with the Texas Rules of Civil Procedure as follows:

> Brennan M. Kucera
> brennan@ck-firm.com
> Benjamin R. Crowell, III
> ben@ck-firm.com
> KUCERA CROWELL, PLLC
> 2028 East Ben White Boulevard
> Suite 240-2015
> Austin, TX  78741
> Telephone:     512-870-7099
> Facsimile:      512-388-9520
> **Counsel for Plaintiff**

> _/s/ James W. Holbrook, III_____
> James W. Holbrook, III

Filed
12/6/2019 1:30 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

CAUSE NO. 2019DCV-5387-G

| | | |
|---|---|---|
| SATYANAM HOSPITALITY LLC D/B/A SUPER 8 CORPUS CHRISTI, | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| vs. | § § | |
| | § | NUECES COUNTY, TEXAS |
| PELEUS INSURANCE COMPANY, STRATA CLAIMS MANAGEMENT, LLC, GEORGE MARES, ENGLE MARTIN & ASSOCIATES, LLC, AND ANDREW SKELLIE, | § § § § § § | |
| Defendants. | § | 319TH JUDICIAL DISTRICT |

## DEFENDANT ENGLE MARTIN & ASSOCIATES, LLC'S
## ANSWER TO PLAINTIFF'S ORIGINAL PETITION

Defendant Engle Martin & Associates, LLC ("EMA" or "Defendant") files this Answer to Plaintiff's Original Petition and states:

## GENERAL DENIAL

1.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, EMA generally denies each and every allegation contained in Plaintiff's Original Petition and demands strict proof thereof. By this general denial, EMA demands that Plaintiff prove every fact in support of its claims for breach of contract, breach of the common law duty of good faith and fair dealing, and alleged violations of the Texas Insurance Code by a preponderance of the evidence. By this general denial, EMA further demands that Plaintiff prove every fact in support of its exemplary damages claim(s) by clear and convincing evidence.

## RESERVATION OF RIGHTS

2.      By appearing and answering herein, EMA does not waive, and expressly reserves, all rights and defenses that EMA may have (or that may arise) under policy number P723-

1426870316-01 and corresponding General Property – Declarations Certificate No. 16288, with effective dates of coverage from January 14, 2017 through January 14, 2018 (collectively, "Policy"), and/or applicable law. Nothing herein shall constitute or be deemed a waiver of, or an estoppel to assert, any of the rights and defenses that EMA may have (or that may arise) under the Policy and/or applicable law.

## **PRAYER**

Defendant Engle Martin & Associates, LLC prays that: (i) all relief requested by Plaintiff be denied; (ii) Plaintiff take nothing by its claims; and (iii) for such other and further relief, general or special, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

**ZELLE LLP**

By: _/s/ James W. Holbrook, III_
    Steven J. Badger
    Texas Bar No. 01499050
    sbadger@zelle.com
    James W. Holbrook, III
    Texas Bar No. 24032426
    jholbrook@zelle.com

901 Main Street, Suite 4000
Dallas, TX  75202-3975
Telephone:     214-742-3000
Facsimile:     214-760-8994

**COUNSEL FOR DEFENDANTS**

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that a true and correct copy of the foregoing document was served on all counsel of record on December 6, 2019 in accordance with the Texas Rules of Civil Procedure as follows:

Brennan M. Kucera
brennan@ck-firm.com
Benjamin R. Crowell, III
ben@ck-firm.com
KUCERA CROWELL, PLLC
2028 East Ben White Boulevard
Suite 240-2015
Austin, TX  78741
Telephone:      512-870-7099
Facsimile:      512-388-9520
***Counsel for Plaintiff***

*/s/ James W. Holbrook, III*
James W. Holbrook, III

Filed
12/6/2019 1:50 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

CAUSE NO. 2019DCV-5387-G

| | | |
|---|---|---|
| SATYANAM HOSPITALITY LLC D/B/A SUPER 8 CORPUS CHRISTI, | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| vs. | § § | |
| PELEUS INSURANCE COMPANY, STRATA CLAIMS MANAGEMENT, LLC, GEORGE MARES, ENGLE MARTIN & ASSOCIATES, LLC, AND ANDREW SKELLIE, | § § § § § § § | NUECES COUNTY, TEXAS |
| Defendants. | § | 319TH JUDICIAL DISTRICT |

## DEFENDANT ANDREW SKELLIE'S
## ANSWER TO PLAINTIFF'S ORIGINAL PETITION

Defendant Andrew Skellie ("Skellie" or "Defendant") files this Answer to Plaintiff's Original Petition and states:

## GENERAL DENIAL

1.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Skellie generally denies each and every allegation contained in Plaintiff's Original Petition and demands strict proof thereof. By this general denial, Skellie demands that Plaintiff prove every fact in support of its claims for breach of contract, breach of the common law duty of good faith and fair dealing, and alleged violations of the Texas Insurance Code by a preponderance of the evidence. By this general denial, Skellie further demands that Plaintiff prove every fact in support of its exemplary damages claim(s) by clear and convincing evidence.

## RESERVATION OF RIGHTS

2.      By appearing and answering herein, Skellie does not waive, and expressly reserves, all rights and defenses that Skellie may have (or that may arise) under policy number

P723-1426870316-01 and corresponding General Property – Declarations Certificate No. 16288, with effective dates of coverage from January 14, 2017 through January 14, 2018 (collectively, "Policy"), and/or applicable law. Nothing herein shall constitute or be deemed a waiver of, or an estoppel to assert, any of the rights and defenses that Skellie may have (or that may arise) under the Policy and/or applicable law.

## **PRAYER**

Defendant Andrew Skellie prays that: (i) all relief requested by Plaintiff be denied; (ii) Plaintiff take nothing by its claims; and (iii) for such other and further relief, general or special, at law or in equity, to which he may be justly entitled.

Respectfully submitted,

**ZELLE LLP**

By: */s/ James W. Holbrook, III*
    Steven J. Badger
    Texas Bar No. 01499050
    sbadger@zelle.com
    James W. Holbrook, III
    Texas Bar No. 24032426
    jholbrook@zelle.com

901 Main Street, Suite 4000
Dallas, TX  75202-3975
Telephone:    214-742-3000
Facsimile:    214-760-8994

**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

       This is to certify that a true and correct copy of the foregoing document was served on all counsel of record on December 6, 2019 in accordance with the Texas Rules of Civil Procedure as follows:

> Brennan M. Kucera
> brennan@ck-firm.com
> Benjamin R. Crowell, III
> ben@ck-firm.com
> KUCERA CROWELL, PLLC
> 2028 East Ben White Boulevard
> Suite 240-2015
> Austin, TX  78741
> Telephone:      512-870-7099
> Facsimile:      512-388-9520
> **Counsel for Plaintiff**

 

                                 */s/ James W. Holbrook, III*
                                  James W. Holbrook, III

Filed
12/6/2019 1:53 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

CAUSE NO. 2019DCV-5387-G

| | | |
|---|---|---|
| SATYANAM HOSPITALITY LLC D/B/A SUPER 8 CORPUS CHRISTI, | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| vs. | § § | |
| | § | NUECES COUNTY, TEXAS |
| PELEUS INSURANCE COMPANY, STRATA CLAIMS MANAGEMENT, LLC, GEORGE MARES, ENGLE MARTIN & ASSOCIATES, LLC, AND ANDREW SKELLIE, | § § § § § § | |
| Defendants. | § | 319TH JUDICIAL DISTRICT |

## DEFENDANT PELEUS INSURANCE COMPANY'S
## AMENDED ANSWER TO PLAINTIFF'S ORIGINAL PETITION

Defendant Peleus Insurance Company ("PIC" or "Defendant"), files this Amended Answer to Plaintiff's Original Petition and states:

## GENERAL DENIAL

1.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, PIC generally denies each and every allegation contained in Plaintiff's Original Petition and demands strict proof thereof. By this general denial, PIC demands that Plaintiff prove every fact in support of its claims for breach of contract, breach of the common law duty of good faith and fair dealing, and alleged violations of the Texas Insurance Code by a preponderance of the evidence. By this general denial, PIC further demands that Plaintiff prove every fact in support of its exemplary damages claim(s) by clear and convincing evidence.

## SPECIAL DENIAL

2.      Defendant specifically denies that Plaintiff has satisfied all conditions precedent to the recovery it seeks in this lawsuit. For example, Plaintiff failed to provide Defendant timely written notice of Plaintiff's statutory claims in this matter as expressly required by Section 541.154 of the

Texas Insurance Code and Section 542A.003 of the Texas Insurance Code, thereby precluding Plaintiff from prevailing on any such claims, including (without limitation) Plaintiff's claim(s) for attorneys' fees in this action.

3.      Further, to the extent Plaintiff's claims against Defendant is contingent upon a claimed right to recover additional proceeds and/or benefits under Peleus Insurance Company policy number P723-1426870316-01 and corresponding General Property – Declarations Certificate No. 16288, with effective dates of coverage from January 14, 2017 through January 14, 2018 (collectively, "Policy"), Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to promptly provide Defendant all reasonably requested documentation and/or information necessary for Defendant to investigate, evaluate, adjust, and/or pay Plaintiff's claim for coverage (as required by the Policy, applicable statute, and/or applicable law).

4.      Discovery in this matter is ongoing and Defendant reserves the right to assert that Plaintiff has failed to meet other conditions precedent required under the Policy, Texas statute, and/or Texas law.

## AFFIRMATIVE DEFENSES

5.      Pursuant to Texas Rule of Civil Procedure 94, Defendant sets forth the following affirmative defenses to the allegations in Plaintiff's Petition

a.      Plaintiff's claims are barred, in whole or in part, on the basis that Plaintiff's Petition fails to state a claim against Defendant upon which relief can be granted.

b.      Plaintiff's claims are barred, in whole or in part, by the terms, conditions, limitations, exclusions, and deductibles contained in the Policy, including (without limitation) the terms, conditions, limitations, and deductibles set forth and/or referenced in the Policy's Property Coverage Form (NC R1 00 04 16), Replacement Cost Form (NC R5 05 04 13) and General Conditions (NC R5 02 04 16).

c. Plaintiff's claims are barred, in whole or in part, by the Policy's provision prohibiting legal action against Defendant under the Policy unless the insured and/or purported insured has fully complied with all terms of the Policy.

d. Plaintiff's claims are barred, in whole or in part, to the extent the physical loss or damage claimed by Plaintiff did not occur during the applicable coverage period (as required by the Policy).

e. Plaintiff's claims are barred, in whole or in part, to the extent the physical loss or damage claimed by Plaintiff was not caused by (or did not result from) a covered cause of loss (as required by the Policy).

f. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks coverage under the Policy for physical loss or damage to property other than "Covered Property" (as defined in the Policy), including (without limitation) property identified and described in the Policy's provision(s) regarding "Property and Costs Not Covered."

g. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks coverage under the Policy for costs and expenses other than "Covered Costs and Expenses" (as defined in the Policy), including (without limitation) costs and expenses identified and described in the Policy's provision(s) regarding "Property and Costs Not Covered."

h. Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion(s) regarding "cosmetic loss or damage" (as defined in the Policy).

i. Plaintiff's claims are barred, in whole or in part, by Plaintiff's neglect to use all reasonable means to save and preserve the property from further damage at and after the time of loss.

j.      Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion(s) regarding wear and tear and/or depletion.

k.      Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion(s) regarding rust, corrosion, decay, deterioration, hidden or latent defect, and/or any quality in the property that causes it to damage or destroy itself.

l.      Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion(s) for rust, corrosion, decay, deterioration, hidden or latent defect, and/or any quality in the property that causes it to damage or destroy itself.

m.      Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion(s) and/or limited coverage for loss or damage that is attributed to the presence of, caused by, or results from mildew, mold, wet rot, dry rot, or other fungi.

n.      Plaintiff's claims are barred in whole or in part by the Policy's exclusion(s) regarding faulty, inadequate or defective: design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; materials used in repair, construction, renovation or remodeling; or maintenance.

o.      Plaintiff's claims are barred, in whole or in part, by the Policy's replacement cost form, which states (in part) that Defendant will not pay for any loss or damage on a replacement cost basis until the property is repaired, rebuilt, or replaced, and then only if such repair, rebuilding, or replacement is made within 365 days after the loss or damage occurs.

p.      Plaintiff's claims are barred, in whole or in part, by the Policy's terms, conditions, and limitations for Ordinance or Law coverage, which states (in part) that Defendant will not pay for increased construction costs until the Covered Property (as

---

defined in the Policy) is actually repaired or reconstructed, at the same location or elsewhere, and unless the repairs or replacement are made as soon as reasonably possible, but not to exceed 365 days after the loss or damage occurs.

q.　　Plaintiff's claims are barred, in whole or in part, by the Policy's provision(s) stating that Defendant will not pay for loss of or damage to the interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand, or dust, whether driven by wind or not, unless: (i) the building or structure first sustains damage by a "Covered Cause of Loss" (as defined in the Policy) to its roof or walls through which the rain, snow, sleet, ice, sand, or dust enters; or (ii) the loss or damage is caused by or results from thawing of snow, sleet or ice on the building, or structure.

r.　　Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to take all reasonable steps to mitigate, minimize, or avoid the damages allegedly sustained and/or to protect the property from further damage. Plaintiff's recovery under the Policy and Texas law, if any, must be offset and reduced accordingly.

s.　　Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged damages were caused, in whole or in part, by the negligent acts and/or omissions of Plaintiff.

t.　　Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged damages were caused, in whole or in part, by the negligent acts and/or omissions of third parties over whom Defendant has and/or had no control.

u.　　A bona fide controversy exists concerning the extent of Plaintiff's claimed entitlement to benefits under the Policy. Defendant and/or its employees, agents,

representatives, and adjusters are entitled to value claims differently from its insureds and/or purported insureds without facing extra-contractual liability. Defendant would show that a bona fide controversy exists regarding: (a) the existence and/or scope of any covered loss or damage; (b) whether and to what extent any asserted loss or damage was the result of a covered occurrence or occurrences; (c) the reasonable and necessary measures to repair any covered loss or damage; and (d) the reasonable and necessary measures to repair any covered loss or damage.

     v.     To the extent Plaintiff's Petition may be construed to seek punitive and/or exemplary damages in this lawsuit, any claim(s) for such damages are unconstitutional and violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and of Article 1, Section 19 of the Texas Constitution for the following reasons: (a) the standards under which such claims are submitted are so vague as to be effectively meaningless and threaten a deprivation of property for the benefit of society without the protection of fundamentally fair procedures; (b) the highly penal nature of exemplary damages threatens the possibility of excessive punishment and almost limitless liability without the benefit of fundamentally fair procedures or any statutory limitations; (c) the introduction of evidence of Defendant's financial worth is so prejudicial as to impose liability and punishment in a manner bearing no relation to the extent of any injury allegedly inflicted or to any benefit from any alleged wrongdoing and, therefore, any verdict would be the result of bias and prejudice in a fundamentally unfair manner.

     w.     To the extent Plaintiff's Petition may be construed to seek punitive and/or exemplary damages in this lawsuit, any claim(s) for such damages constitute an unconstitutional excessive fine under Article 1, Section 13 of the Texas Constitution

because such highly penal sanctions may be imposed for the benefit of society under standards so vague and effectively meaningless as to threaten unlimited punishment bearing no relation to the extent of any injury allegedly inflicted at the unbridled discretion of the jury.

6.      Defendant further reserves the right to assert additional affirmative defenses as this litigation proceeds.

## **RESERVATION OF RIGHTS**

7.      By appearing and answering herein, PIC does not waive, and expressly reserves, all rights and defenses that PIC may have (or that may arise) under the Policy and/or applicable law. Nothing herein shall constitute or be deemed a waiver of, or an estoppel to assert, any of the rights and defenses that PIC may have (or that may arise) under the Policy and/or applicable law.

## **PRAYER**

Defendant Peleus Insurance Company prays that: (i) all relief requested by Plaintiff be denied; (ii) Plaintiff take nothing by its claims; and (iii) for such other and further relief, general or special, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

**Zelle LLP**


By: _/s/ James W. Holbrook, III_
    Steven J. Badger
    Texas Bar No. 01499050
    sbadger@zelle.com
    James W. Holbrook, III
    Texas Bar No. 24032426
    jholbrook@zelle.com

901 Main Street, Suite 4000
Dallas, TX  75202-3975
Telephone:    214-742-3000
Facsimile:    214-760-8994

**COUNSEL FOR DEFENDANTS**


## <u>CERTIFICATE OF SERVICE</u>

    This is to certify that a true and correct copy of the foregoing document was served on all counsel of record on December 6, 2019 in accordance with the Texas Rules of Civil Procedure as follows:

    Brennan M. Kucera
    brennan@ck-firm.com
    Benjamin R. Crowell, III
    ben@ck-firm.com
    Kucera Crowell, PLLC
    2028 East Ben White Boulevard
    Suite 240-2015
    Austin, TX  78741
    Telephone:    512-870-7099
    Facsimile:    512-388-9520
    ***Counsel for Plaintiff***

    _/s/ James W. Holbrook, III_
    James W. Holbrook, III